1  ROB BONTA
   Attorney General of California
2  DAVID A. ZONANA
   Supervising Deputy Attorney General
3  SOMERSET PERRY, SBN 293316
   HEATHER M. LEWIS, SBN 291933
4  Deputy Attorneys General
   1515 Clay Street, 20th Floor
5  P.O. Box 70550
   Oakland, CA  94612-0550
6  Telephone:  (510) 879-1008
   Fax:  (510) 662-2270
7  E-mail:  Somerset.Perry@doj.ca.gov
   E-mail:  Heather.Lewis@doj.ca.gov
8  *Attorneys for Plaintiffs*

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

13

| | |
|---|---|
| 14 **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL** and the **TOXIC SUBSTANCES CONTROL ACCOUNT,** | Case No. 8:22-CV-00136 |
| | **COMPLAINT FOR RECOVERY OF RESPONSE COSTS and DECLARATORY RELIEF (42 U.S.C. §§ 9607(a) and 9613(g)(2) and alternative, supplemental state law claims)** |
| Plaintiffs, | |
| v. | |
| **MANUEL REYNOSO, individually and d/b/a ORANGE COUNTY METAL PROCESSING,** | |
| Defendant. | |

23      Plaintiffs, the California Department of Toxic Substances Control ("DTSC")

24  and the Toxic Substances Control Account (collectively "Plaintiffs") allege as

25  follows:

26                        **STATEMENT OF THE CASE**

27      1.   This is a civil action brought by Plaintiffs against Manuel Reynoso,

28  individually and doing business under the name Orange County Metal Processing

("Defendant") under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for the recovery of unreimbursed response costs that Plaintiffs have incurred, and interest on such response costs, in connection with releases and threatened releases of hazardous substances at, beneath, above, and/or from the Orange County Metal Processing Site ("Site"), a former metal finishing facility located at 1711 Kimberley Avenue, Fullerton, California, 92831, identified with Assessors' Parcel Number 033-270-30.

2.   Plaintiffs further make a claim for declaratory relief, under 28 U.S.C § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), for a declaratory judgment that Defendant is jointly and severally liable to Plaintiffs for the response costs Plaintiffs have incurred, and for any further response costs Plaintiffs incur in the future as a result of any release or threatened release of a "hazardous substance," as defined in CERCLA section 101(14), 42 U.S.C. § 9601(14), at OCMP.

3.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiffs make an alternative claim for the recovery of response costs and interest thereon pursuant to California's Hazardous Substances Account Act, California Health and Safety Code section 25300 et seq.

4.   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiffs also make an alternative claim for a declaratory judgment that Defendant is liable to Plaintiffs, pursuant to section 25363 of the California Health and Safety Code, for the response costs they have incurred and will incur in responding to releases and threatened releases of hazardous substances at or from the Site.

## JURISDICTION AND VENUE

5.   This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b). This Court has jurisdiction over the subject matter of the claims made under state law in this action under 28

U.S.C. § 1367(a) (supplemental jurisdiction) because the claims under state law arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this Complaint and the state and federal law claims are so closely related that they form part of the same case or controversy.

6.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases and threatened releases of hazardous substances that are at issue occurred in this judicial district.

**PLAINTIFFS**

7.   DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code sections 58009 and 58010. DTSC is responsible under state law for determining whether there has been a release and/or threatened release of a hazardous substance into the environment and for responding to releases and/or threatened releases of hazardous substances.

8.   The Toxic Substances Control Account is an account within the State of California General Fund. California Health and Safety Code section 25173.6 establishes the account and the Director of DTSC administers the account. Under California Health and Safety Code section 25361(a), the account shall be a party in any action for the recovery of response costs or expenditures under Chapter 6.8 of Division 20 of the California Health and Safety Code that were incurred by DTSC from the account.

**DEFENDANT**

9.   Manuel Reynoso is a citizen of California who, on information and belief, Plaintiffs allege resides in Orange County. Reynoso operated a metal plating and finishing business under the Orange County Metal Processing name since at least 1976. Reynoso is an "owner" and/or "operator" of a facility, as that term is defined in CERCLA section 107(a)(1), 42 U.S.C. § 9607(a)(1). Reynoso was also

an "owner" and/or "operator" of a facility at the time of disposal of hazardous substances under CERCLA section 107(a)(2), 42 U.S.C. § 9607(a)(2).

## OCMP SITE

10. The Site is located at 1711 Kimberley Avenue, Fullerton, California, 92831. The Site occupies approximately 14,000 square feet of a parcel identified with Assessors' Parcel Number 033-270-30.

11. Orange County Metal Processing ("OCMP") was a metal plating and finishing business located in Fullerton, California. OCMP was a "facility" as that term is defined in section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

12. Plaintiffs are informed and believe, and based on such information and belief allege, that OCMP began operation at the Site in or before 1976, and that OCMP continued to operate as a metal plating business at the Site until 2011.

13. OCMP's operations primarily consisted of finishing and coating metal parts used by automobile and computer manufacturers. OCMP used chromium, cadmium, zinc, and solvent metal degreasers including trichloroethylene ("TCE") and tetrachloroethylene ("PCE"), among other hazardous substances, in its metal finishing and plating, and related operations.

14. As a result of OCMP's operations, hazardous substances within the definition of section 101(14) of CERCLA, 42 U.S.C. § 9601(14), were released into the environment at and from the Site within the meaning of section 101(22) of CERCLA, 42 U.S.C. § 9601(22). These hazardous substances include hexavalent chromium, cadmium, cyanide compounds, copper, zinc, PCE, and TCE that have been identified in the soil and/or groundwater at the Site.

15. DTSC conducted an inspection of the OCMP Site on September 20, 2007. During the inspection, DTSC staff observed chemical stains and discoloration on the floor near the zinc plating line; rusted tanks with chemical residue on the tank sides in the cadmium plating line; tanks that were partially dissolved by chemicals, leaving an uneven, jagged edge; and wet and/or oily floors in a storage

COMPLAINT

area and beneath cadmium plating line tanks. After the inspection DTSC determined that further investigation was needed to determine the extent of the releases of hazardous substances.

16. DTSC and Mr. Reynoso entered into a Corrective Action Consent Agreement on March 5, 2009, which required Mr. Reynoso to perform further investigation of the Site under DTSC's oversight, and to pay DTSC's costs incurred in the implementation of the Consent Agreement.

17. On August 22, 2011, DTSC issued an Imminent and/or Substantial Endangerment Determination ("ISE Determination") for the Site. The ISE Determination found that the Site was contaminated with hazardous substances including cadmium, PCE, and TCE. The ISE Determination concluded that a response action was necessary because there may be a significant public health risk to employees and occupants of the buildings at the Site.

18.  Beginning in 2011 and continuing through May 2015, DTSC conducted remedial investigations into the soil, soil vapor, and groundwater conditions at the Site. These actions included collecting and analyzing samples of soil, soil gas, and groundwater; monitoring groundwater; and implementing a soil vapor extraction pilot study.

19. On May 28, 2015, DTSC approved a Feasibility Study / Remedial Action Plan ("FS/RAP") for the OCMP Site and an adjacent site.

20. From 2015 to present, DTSC has implemented the remedial actions identified in the FS/RAP, including soil excavation, installation of pilot systems of in-situ chemical oxidation for treating groundwater and soil vapor extraction, and ongoing monitoring.

21. Based on the above, from 2011 until the present, DTSC has taken "response" actions at the Site, as that term is defined in section 101(25) of CERCLA, 42 U.S.C. § 9601(25), related to the release and/or threatened release of hazardous substances at the Site. The response actions include, but are not limited

COMPLAINT

to, investigations of soil, soil vapor, and groundwater, development of the FS/RAP, soil excavation, pilot studies of groundwater treatment and soil vapor extraction, and ongoing monitoring.

22. As a result of DTSC's response actions at the Site, Plaintiffs have incurred response costs related to the release and/or threatened release of hazardous substances at, around, and/or beneath the Site.

23. Plaintiffs unpaid costs related to the OCMP Site from 2007 through June 2021 total $4,066,186, exclusive of interest.

24. Plaintiffs have incurred and expect to continue to incur additional response costs related to the release and/or threatened release of hazardous substances at, around, and/or beneath the Site.

## FIRST CLAIM FOR RELIEF

### (Cost Recovery Claim Pursuant to Section 107(a) of CERCLA)

25. Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as though fully set forth herein.

26. The Site, and the horizontal and vertical extent of the hazardous substance contamination caused by releases of hazardous substances from the Site, including, without limitation, any area where any hazardous substance from the Site has come to be located, is a "facility" within the meaning of section 101(9)(A) and (9)(B) of CERCLA, 42 U.S.C. § 9601(9)(A), (9)(B).

27. Defendant is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

28. DTSC, in its capacity as an agency of the State of California, is a "State" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

29. Defendant is an "owner" and/or "operator" of the Site, and was an "owner" and/or "operator" of the Site "at the time of disposal of a[] hazardous

COMPLAINT

substance" there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

30. The hazardous and solid wastes treated and/or disposed of at the Site contained, without limitation, compounds that can migrate through groundwater, including, but not limited to, the following: hexavalent chromium, cadmium, cyanide compounds, copper, zinc, PCE, and TCE. These wastes, which are present at the Site, contained "hazardous substances," which are defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14). There has been a "release" or threatened release of hazardous substances, including but not limited to those included in this paragraph, from the Site into the "environment," within the meaning of sections 101(8) and 101(22) of CERCLA, 42 U.S.C. §§ 9601(8) and 9601(22).

31. Plaintiffs have incurred response costs not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300, resulting from the releases or threatened releases of hazardous substances from the Site, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25). These response costs include, but are not limited to, costs to monitor, assess, evaluate, and/or respond to the release and/or threatened release of hazardous substances at the Site, as defined in section 101(25) of CERCLA, 42 U.S.C. § 9601(25). Plaintiffs are continuing to incur such costs, and Plaintiffs will continue to incur such costs in the future.

32. Defendant is jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for Plaintiffs' responses costs resulting from the release or threat of release of hazardous substances from the Site.

33. Pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant is also liable for interest accrued on Plaintiffs' response costs.

## SECOND CLAIM FOR RELIEF

### (Claim for Declaratory Relief Pursuant to Section 113(g)(2) of CERCLA)

34. Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as though fully set forth herein.

COMPLAINT

35. Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), Plaintiffs are entitled to a declaratory judgment that Defendant is jointly and severally liable to Plaintiffs for any responses costs Plaintiffs have incurred, and for any further response costs Plaintiffs incur in the future.

## THIRD CLAIM FOR RELIEF

### (In the Alternative, for Recovery of Response Costs Pursuant to California Health and Safety Code §§ 25360, 25361)

36. Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as though fully set forth herein.

37. Pursuant to section 25360 of the California Health and Safety Code, DTSC may bring an action against responsible parties in order to recover all response costs incurred in responding to a release or threatened release of a hazardous substance.  The Toxic Substances Control Account may sue in its own name, and it shall be a party to any action for recovery of costs or expenditures incurred from the state account pursuant to the Hazardous Substances Account Act. Cal. Health & Saf. Code §§ 25331, 25361(a).

38. Hexavalent chromium, cadmium, cyanide compounds, copper, zinc, PCE, and TCE, are "hazardous substances" as defined by section 25316 of the California Health and Safety Code.

39. There has been a "release" or threatened release of hazardous substances, including but not limited to those included in this paragraph, from the Site into the environment, as defined by Health and Safety Code section 25320.

40. Plaintiffs have incurred costs associated with "response actions," as defined in section 25323.3 of the Health and Safety Code, in abating the releases or threatened releases of hazardous substances at the Site.

41. Defendant is a liable "person" as defined in section 25319 of the Health and Safety Code.

COMPLAINT

42. Defendant is liable to Plaintiffs under sections 25360 and 25361 of the California Health and Safety Code for any costs incurred by Plaintiffs. The amount of any costs which may be recovered may include interest at the rate provided by law.

## FOURTH CLAIM FOR RELIEF
### (In the Alternative, for Declaratory Relief
### Pursuant to California Health and Safety Code § 25360)

43. Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs as though fully set forth herein.

44. Plaintiffs have incurred and expect to continue to incur response costs related to the release and threatened release of hazardous substances at and from the Site.

45. Pursuant to California Health and Safety Code sections 25360 and California Code of Civil Procedure section 1060, Plaintiffs are entitled to a declaratory judgment that Defendant is liable in any subsequent action or actions by Plaintiffs to recover any further costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from the Site.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For a judgment that Defendant is jointly and severally liable to Plaintiffs, without regard to fault, for all costs of response, removal, and remedial actions, including, but not limited to, implementation and oversight costs, incurred by Plaintiffs and resulting from release(s) and/or threatened release(s) of hazardous substances at, beneath, above, and/or from the Site;

2. For a declaration that Defendant is jointly and severally liable to Plaintiffs, without regard to fault, for all future costs, including implementation and oversight costs, incurred by Plaintiffs as the result of any release(s) and/or

COMPLAINT

1    threatened release(s) of hazardous substances at, beneath, above, and/or from the

2    Site;

3         3.   For Plaintiffs' costs of suit;

4         4.   For Plaintiffs' attorneys' fees;

5         5.   For prejudgment interest; and

6         6.   For such other and further relief as the court deems just and proper

7

8    Dated:  January 26, 2022                    Respectfully submitted,

9                                                ROB BONTA
                                                 Attorney General of California
10                                               DAVID A. ZONANA
                                                 Supervising Deputy Attorney General
11

12

13                                               */s/ Heather M. Lewis*
                                                 HEATHER M. LEWIS
14                                               SOMERSET PERRY
                                                 Deputy Attorneys General
15                                               *Attorneys for Plaintiffs*
                                                 *California Department of Toxic*
16                                               *Substances Control and the Toxic*
                                                 *Substances Control Account*

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT